UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBRA PRUISMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:17-cv-02761-JAR |
| | ) |
| LIFE INSURANCE COMPANY OF | ) |
| NORTH AMERICA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 2). This is an ERISA action in which Plaintiff claims that Defendant Life Insurance Company of North America wrongfully denied Plaintiff long term disability benefits. The complaint was filed by Plaintiff's attorney on November 22, 2017.

28 U.S.C. § 1915 governs applications for leave to proceed in forma pauperis. 28 U.S.C. § 1915(a)(1) provides:

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

To proceed in forma pauperis is a privilege and not a right. *Green v. Wyrick,* 428 F. Supp. 728, 731 (W.D. Mo. 1976). "A plaintiff, even though of small means, could reasonably be asked to some small degree to 'put his money where his mouth is,' it being all too easy to file suits . . . if it costs nothing whatever to do so." *Id.* at 731–32.

The in forma pauperis statute is designed to ensure "that indigent persons will have equal access to the judicial system." *Lee v. McDonald's Corp.,* 231 F.3d 456, 458 (8th Cir. 2000) (internal citation omitted). The decision of whether to grant or deny in forma pauperis status under § 1915 "is within the sound discretion of the trial court." *Id.*

In *Fiebelkorn v. United States,* the United States Court of Federal Claims indicated: "[T]he threshold for a motion to proceed *in forma pauperis* is not high: The statute requires that the applicant be 'unable to pay such fees.' 28 U.S.C. § 1915(a)(1). To be 'unable to pay such fees' means that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute." *Fiebelkorn v. United States,* 77 Fed. Cl. 59, 62 (2007); *see also Hayes v. United States,* 71 Fed. Cl. 366, 369 (2006).

Here, Plaintiff submitted an affidavit in support of her application. Although unemployed, Plaintiff earns $827 per month in social security disability income, and $1,200 in monthly income from her ex-husband's air force retirement account. Plaintiff's spouse is employed and earns $2,500 per month. Annually, Plaintiff and her spouse earn a net income of $54,324. Plaintiff also has liquid assets totaling $1,200 in a bank account, and she owns a house and two cars with a combined value of $166,000.

An annual income of approximately $20,000 was found sufficient to deny in forma pauperis status in *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23–24 (2d Cir. 1988); *see also Schultz v. Liberty Life Assurance Co. of Boston*, No. 3:16-CV-03016-TLB, 2016 WL 958062, at *2 (W.D. Ark. Feb. 11, 2016) ($3,257.08 monthly income, home and car ownership, sufficient to deny in forma pauperis status). Here, it does not appear that Plaintiff is indigent and unable to pay the filing fee or guarantee costs without sacrificing the necessities of life in this action.

Accordingly,

**IT IS HEREBY ORDERED** motion for leave to proceed in forma pauperis (Doc. No. 2) is **DENIED**.

_/s/ John A. Ross_
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 10th day of January, 2018.